99 F.3d 1128
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Joseph D. FORD, Jr., and Deborah Ford, Plaintiffs, Appellants,
v.
Joseph D. FORD and CME Associates, Inc., as it is The
General Partner of CME Group, Ltd., Defendant, Appellee.
 No. 96-1180.
 United States Court of Appeals, First Circuit.
 Nov. 7, 1996.
 
 E. James Veara with whom Sarah A. Turano-Flores and Zisson & Veara were on brief for appellants.
 Judith G. Dein, with whom James J. Arguin, Warner & Stackpole.
 LLP and Christopher Nolland were on brief for appellee.
 Before TORRUELLA, Chief Judge, CAMPBELL, Senior Circuit Judge, and BOUDIN, Circuit Judge.
 
 
 1
 PER CFURIAM.
 
 
 2
 Upon careful consideration of the arguments, the briefs and the record, we affirm the judgment of the district court for essentially the reasons set out in the district court's opinion.
 
 
 3
 Appellants argue that the district court erred by refusing to impose a constructive trust based on the theory of unjust enrichment. They also insist that Joseph D. Ford, Jr.'s wife, Deborah, has presented proof of her own equitable ownership of the contested premises sufficient to undercut the legal effect of her husband's individual quitclaim conveyance. The lower court, however, grasped the appellants' basic contentions and ruled correctly as to each. We see no viable theory under which Joseph D. Ford, Jr. and Deborah Ford can successfully claim an equitable interest in the property, however labeled, especially against CME, a creditor of Joseph D. Ford, Sr. and a mortgagee that was not privy to any alleged private understandings between the junior and senior Fords.
 
 
 4
 Joseph D. Ford, Jr. deeded the property back to his father as part of a comprehensive settlement by quitclaim deed which, under Massachusetts law, conveys all right, title and interest in property. Fales v. Glass, 9 Mass.App.Ct. 570, 573-74, 402 N.E.2d 1100, 1102-03 (1980). Nothing in the Stipulation Agreement, including the Fords' general reservation of rights, gave Joseph D. Ford, Jr. a right to repudiate the deed which it authorized him to record. Had Ford, Jr. wished to preserve a right to pursue his present claims, he should have made express provision to do so instead of deeding all his interest back to his father. There is, moreover, as the district court stated, insufficient evidence to support Deborah Ford's claim that she acquired an equitable interest in the property such as would permit her to repudiate her husband's quitclaim deed and overturn CME's mortgage interest. Her marriage to Ford, by itself, did not suffice.
 
 
 5
 Affirmed.